

# NUMBER 13-11-00328-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

THE STATE OF TEXAS,                                                    Appellant,

v.

CLINT SAENZ,                                                            Appellee.

## On appeal from the 28th District Court
## of Nueces County, Texas.

# ORDER

## Before Chief Justice Valdez and Justices Garza and Perkes[1]
## Order Per Curiam

This case is on remand from the Texas Court of Criminal Appeals.  Appellant, the

State of Texas, appealed the trial court's granting of a motion to suppress filed by

---

[1] The Honorable Rose Vela, former Justice of this Court, did not participate in this decision because her term of office expired on December 31, 2012.  In accordance with the appellate rules, she was replaced on panel by Justice Gregory T. Perkes.  *See* TEX. R. APP. P. 41.1(a).

appellee, Clint Saenz, who was indicted on one count of driving while intoxicated. *See* TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2011). Saenz moved to suppress certain oral statements made to police, the trial court granted the motion, and we affirmed. *See State v. Saenz*, No. 13-11-00328-CR, 2012 WL 7783406, at *1–5 (Tex. App.—Corpus Christi Dec. 28, 2012) (mem. op., not designated for publication). The court of criminal appeals reversed, holding, among other things, that while our "ultimate legal conclusion" that Saenz was in custody at the time he made the challenged statements "may be . . . correct," we erred "in attempting to reach that legal conclusion in the absence of adequate fact-findings from the trial court." *State v. Saenz*, 411 S.W.3d 488, 498 & n.7 (Tex. Crim. App. 2013). The court of criminal appeals remanded the cause to this Court for abatement to the trial court for more complete findings of fact. *Id.* at 498. We then abated the appeal on December 17, 2013, and remanded to the trial court for more complete findings of fact. We specifically ordered the trial court to enter findings as to: (1) whether Officer Bintliff told Saenz that he was not free to leave; and (2) how long Saenz was inside the police car before he made the challenged statements to Officer Sanders.

The trial court made the following supplemental findings of fact:

1.      The Court finds that these findings are supported by credible evidence. The Court makes no general credibility determinations.

2.      Neither Officer Bintliff nor Officer Sanders read the statutory Miranda warnings prior to question[ing] Mr. Saenz.

3.      Mr. Saenz was instructed to turn off his vehicle, was placed in the back of Officer B[]intliff's police car, and was instructed by Officer Bintliff not to leave. [Record citations omitted]

4.      No officer advised Mr. Saenz that he was free to leave at any time prior to or during his interrogation.

5.      Officer Bintliff approached Mr. Saenz shortly after 2:13 a.m. Officer Sanders was dispatched at 2:25 a.m., arriving some time after. The Court finds that Mr. Saenz was in custody for approximately 20 minutes prior to his interrogation by Officer Sanders.

6.      A reasonable person, under these circumstances, would have believed he had been arrested during the time of his interrogation.

7.      Officer Bintliff's manifestation of his intent to arrest Mr. Saenz was made when he physically placed Mr. Saenz in his police car and verbally told him not to leave. Officer Bintliff testified he believed Mr. Saenz was intoxicated before placing Mr. Saenz in his police car and called for a DWI enforcement officer.

The State has filed an objection to the supplemental findings, asserting that they are inadequate because: (1) though the trial court found that Saenz was "in custody for approximately 20 minutes prior to his interrogation," it did not make a finding as to how long Saenz was *in the police car* prior to his interrogation; (2) there was no finding as to whether the officers told Saenz to wait while they continued investigating, and (3) the trial court did not make any "general credibility determinations" regarding the officers' testimony. We agree in part. The trial court was under no obligation to make "general credibility determinations" as to each officer's testimony. *See Baird v. State*, 398 S.W.3d 220, 226 (Tex. Crim. App. 2013) (noting that, at a suppression hearing, "a trial judge is free to believe or disbelieve any part of the testimony as he sees fit"). However, findings as to the specific issues identified by the State—i.e., how long Saenz was in the police car before being questioned and whether the officers told him to wait while they continued investigating—are necessary to our evaluation of the circumstances surrounding the case. We find that the supplemental findings of fact entered by the trial court are inadequate because they failed to address these specific issues.

Accordingly, we hereby REMAND this cause to the trial court for entry of additional

supplemental findings of fact as to: (1) how long Saenz was in the police car before Officer Sanders began interrogating him; and (2) whether either officer told Saenz to wait in the police car while they continued investigating. The trial court shall make its findings, as ordered herein, within FIFTEEN days from the date of this order. Furthermore, the trial court shall cause a supplemental clerk's record to be filed with the Clerk of this Court within THIRTY days from the date of this order.

IT IS SO ORDERED.


PER CURIAM

Delivered and filed the
7th day of February, 2014.